1  TRACY R. WILLIAMS, Bar No. 278429
   JAMES P. VAN, Bar No. 303853
2  LITTLER MENDELSON, P.C.
   18565 Jamboree Rd., Suite 800
3  Irvine, CA 92612
   Telephone: 949.705.3000
4  Fax No.:   949.724.1201

5  Attorneys for Defendant
   A PLACE FOR MOM, INC.

8           UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DARYL BURSCH, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>A PLACE FOR MOM, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>*[Filed concurrently with the Declaration of Nicole McConnell, Corporate Disclosure Statement; Notice of Related Cases; Civil Case Cover Sheet]*<br><br>Complaint Filed: May 16, 2022<br>(Riverside County Superior Court, Case No. CVSW2203290) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF DARYL BURSCH AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant A Place For Mom, Inc. ("APFM") hereby removes the above-entitled action, Case No. CVSW2203290, from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") because the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332.

APFM makes the following allegations in support of its Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."

2. As set forth below, this case meets all of Section 1331 and 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

3. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c), 1391 and 1446. Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Riverside.

## PLEADINGS, PROCESS AND ORDERS

4. This lawsuit arises out of Plaintiff Daryl Bursch's ("Plaintiff") employment with APFM. On May 16, 2022, Plaintiff filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of Riverside, titled

LITTLER MENDELSON, P.C.
18565 Jamboree Rd.
Suite 800
Irvine, CA 92612
949.705.3000

*DARYL BURSCH v. A PLACE FOR MOM, INC.*; Case No. CVSW2203290 (the "State Court Action"). The Complaint asserts the following six causes of action: (1) Unpaid Overtime Wages; (2) Missed Meal Breaks; (3) Missed Rest Breaks; (4) Improper Wage Statements; (5) Waiting Time Penalties; and (6) Unfair Competition – Bus. & Prof. Code § 17200.

5. On August 8, 2022, Plaintiff personally served APFM, through its corporate agent, with copies of the Summons and Complaint, and corresponding documents consisting of the Civil Case Cover Sheet, Certificate of Counsel, Notice of Department Assignment, and Alternative Dispute Resolution (ADR) – Information Package. Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint, and the corresponding documents described in this paragraph.

6. On September 6, 2022, APFM filed its Answer to Plaintiff's Complaint. Attached hereto as **Exhibit B** is a true and correct copy of APFM's Answer.

7. Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto constitute all process, pleadings, and orders filed and served upon APFM in this action.

## TIMELINESS OF REMOVAL

8. Plaintiff caused the Summons and Complaint to be served on APFM through its corporate agent on August 8, 2022. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after APFM was effectively served with the Summons and Complaint and within one year after commencement of this action.

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

9. Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by APFM pursuant to 28 U.S.C. section 1441(b) because it is a civil action

between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

10. <u>Plaintiff is a Citizen of California</u>. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he is an individual and a resident of the County of Riverside in the State of California. (**Exhibit A**, Compl., ¶ 1.) Thus, Plaintiff is a citizen of California.

11. <u>APFM is NOT a Citizen of California</u>. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

12. APFM is a corporation incorporated and existing under the laws of the state of Delaware and its corporate headquarters is located in the state of New York. (Declaration of Nicole McConnell ("McConnell Decl.") ¶ 3.) At the time the Complaint was filed, APFM's corporate headquarters was and still is in New York City, NY. (*Id.*) APFM's high level officers direct, control, and coordinate the Company's corporate and business activities from New York City, NY. (*Id.*) Thus, APFM's principal place of business is New York City, NY, and APFM is a citizen of New York for purposes of

diversity.

13. The Complaint names as defendants "DOES 1 through 10." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14. Therefore, since APFM is not a citizen of the forum State, i.e., California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

15. As discussed in detail below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332 (a).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

16. The Complaint does not indicate an amount of damages claimed; consequently, APFM need only show by a preponderance of the evidence (more-probable-than-not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Although APFM expressly denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not the amount, if any, that APFM will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

17. The Complaint and the Prayer for Relief contained therein clearly demonstrate that the amount in controversy does, in fact, exceed $75,000. Plaintiff's Complaint alleges various claims for unpaid wages, overtime wages, and unpaid meal and rest breaks premiums, and penalties. (*See* Complaint.) The Introduction section of Plaintiff's Complaint alleges that "for at least the last four (4) years of his employment,

Defendant coerced him to work off the clock and forego legally mandated meal and rest periods." (Compl. at 1.)  Although APFM denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below.

18. Plaintiff began working for APFM in 2014 as a Senior Living Advisor, and his employment ended in or about October 31, 2021. (Compl., ¶ 11; McConnell Decl., ¶ 5.) As of that date, Plaintiff's regular rate of pay was $22.84 per hour. (*Id*.) Plaintiff contends that for at least the last four years of his employment, "Defendants began to aggressively enforce a sales quota-scheme which became the standard by which Plaintiff's work performance was measured" and that he needed to reach his quota by "by any means necessary" or he would be terminated. (Compl., ¶¶ 12, 14.)  Thus, Plaintiff alleges that he "regularly worked off the clock hours at 10-25+ hours above a 40-hour work week." (Compl., ¶ 15.)  Further, "[i]n many instances, Plaintiff's manager expected and required Plaintiff to clock hours seven days per week, and worked through rest and meal breaks with no intention of paying overtime." (Compl., ¶ 16.)  The statute of limitations for Plaintiff's claims for failure to overtime wages is three years (*see* Cal. Code Civ. Proc. § 338), but may be extended to 4 years under California's unfair competition law.  Cal. Bus. & Prof. Code §§ 17200, *et seq*. Assuming that Plaintiff worked an average of 17.5 hours of overtime off the clock spanning over the course of 4 years, the amount Plaintiff is allegedly owed would be calculated at **$124,706.40** ($34.26/hour (OT rate) x 17.5 hours/week x 208 weeks).  As a result, even calculating *only* unpaid overtime wages, Plaintiff potentially could recover well over the $75,000 threshold.

19. Plaintiff also contends that he was discouraged from taking meal breaks and the "timecard reports reveal numerous instances of time entries showing that meal breaks were often not taken or accounted for in Plaintiff's time." (Compl., ¶ 25.) Plaintiff further contends that he was not "provided rest periods during his employment

LITTLER MENDELSON, P.C.
18565 Jamboree Rd.
Suite 800
Irvine, CA 92612
949.705.3000

with Defendants." (Compl., ¶ 28.) As such, under California law, Plaintiff would be owed one hour of premium pay at his regular rate for each day a proper meal period and rest period were not provided. Cal. Lab. Code § 226.7. The statute of limitations for Plaintiff's claims for failure to provide compliant meal and/or rest breaks is three years (*see* Cal. Code Civ. Proc. § 338), but is extended to 4 years under California's unfair competition law. Bus. & Prof. Code §§ 17200, *et seq*. *Conservatively* assuming Plaintiff worked 6 days per week based on his allegations (*see* Compl., ¶ 16) and was not provided a meal or rest break 50% of the time, the amount Plaintiff is allegedly owed for premium pay for missed meal and rest breaks would be calculated at **$28,504.32**.[1]

20. Plaintiff also contends that he was not provided accurate wage statements in violation of Labor Code section 226 because "Defendants underreported and under recorded the actual number of hours worked and overtime hours per pay period. (Compl., ¶ 30.) The statute of limitations applicable to Plaintiff's claim is one year. *See* Cal. Code Civ. Proc. § 340(a). The statutory penalty is:

> the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) [in addition to] an award of costs and reasonable attorneys' fees.

Cal. Lab. Code § 226(e)(1). Plaintiff was paid bi-weekly and there are 13 pay periods between May 16, 2021 (the beginning of the statute of limitations period) and October 31, 2021 (Plaintiff's termination date). (McConnell Decl., ¶¶ 5-6.) Thus, the amount of controversy for this claim is **$1,250.00**, exclusive of costs and attorneys' fees.

21. Plaintiff also seeks attorneys' fees. (Compl., ¶¶ 21, 26, 29, 32, 37; Prayer for Relief ¶ 7.) It is well-settled that when authorized by statute, attorneys' fees are to

---

[1] 312 days worked per year (6 days x 52 weeks) x 0.5 (non-compliant meal or rest periods) = 156 days allegedly denied compliant meal and rest periods. 156 days x 4 years x $22.84 (hourly rate) = $28,504.32

LITTLER MENDELSON, P.C.
18565 Jamboree Rd.
Suite 800
Irvine, CA 92612
949.705.3000

be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (stating that in deciding the amount in controversy issue, the court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 795-96 (9th Cir. 2018). Although Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume they could exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1035; *See, e.g., Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. 2010) (denying plaintiff's motion to remand by finding that the anticipated attorneys' fees were sufficient to exceed the $75,000 threshold where plaintiff's wage and hour claims totaled only $38,747). Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000 threshold.

22. Plaintiff also seeks such open-ended relief "[f]or such other and further relief as the Court deems just and proper." (Compl., Prayer for Relief, ¶ 9.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

23. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab*

*Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Although APFM does not concede Plaintiff's claims have any merit, APFM has more than carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by APFM to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## NOTICE TO STATE COURT AND PLAINTIFF

24. Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Nathan R. Klein of the Law Offices of Tyler & Bursch, LLP. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Riverside.

Dated: September 7, 2022

/s/ James P. Van
TRACY R. WILLIAMS
JAMES P. VAN
LITTLER MENDELSON, P.C.

Attorneys for Defendant
A PLACE FOR MOM, INC.


# PROOF OF SERVICE BY MAIL

I am employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On September 7, 2022, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**

in a sealed envelope, postage fully paid, addressed as follows:

> TYLER & BURSCH, LLP
> Nathan R. Klein (SBN 306268)
> nklein@tylerbursch.com
> 25026 Las Brisas Road
> Murrieta, California 92562
> Phone: (951) 600-2733
> Email: talmond@tylerbursch.com
>
> *Attorneys for Plaintiff*
> *Daryl Bursch*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 7, 2022, at Irvine, California.

Cecilia Mendoza